UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
BORIS KOTLYARSKY,                       :
                                        :
                    Petitioner,         :
                                        :
     -against-                          :        04 Civ. 4584(JFK)
                                        :        98 Cr. 1368 (JFK)
                                        :        **OPINION and ORDER**
UNITED STATES OF AMERICA,                :
                                        :
                    Respondent.         :
- - - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**:

        Boris Kotlyarsky, pro se, moves to vacate his
conviction under 28 U.S.C. § 2255.  He filed this motion over
thirty-eight months after his conviction became final and over
one year after he was released from imprisonment.  For the
reasons that follow, the petition is denied.

## BACKGROUND

        Kotlyarsky and eight others were charged in a 43-count
indictment filed on December 2, 1998.  The Indictment charged
Kotlyarsky with conspiracy to commit money laundering, in
violation of 18 U.S.C. § 1956 (Count 1), money laundering, in
violation of 18 U.S.C. § 1956 (Count 2), conspiracy to defraud
the United States, in violation of 18 U.S.C. § 371 (Count 23) and
avoiding the requirements for reports on domestic coin and
currency transactions in 31 U.S.C. § 5313 (Count 24).  On January
3, 2001, Kotlyarsky pled guilty to Count 1, the conspiracy count.
On April 10, 2001, the Court sentenced Kotlyarsky to 18 months of
imprisonment and 24 months of supervised release.  The other open

counts against him were dismissed.  Final judgment was entered on April 11, 2001 and modified on April 19, 2001.  Kotlyarsky did not appeal the conviction or sentence.

On June 18, 2004, Kotlyarsky filed his 2255 petition. He attacks his sentence on two grounds.  He argues first that his guilty plea was "unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea."  More specifically, he contends that his counsel, Joy Vastola, Esq., "advised [him] that the government advised counsel that it will indict [his] wife and two children should [he] decide to proceed to trial."  Kotlyarsky's second argument is Ms. Vastola and her co-counsel, Michael Rosen, Esq., "induced [Kotlyarsky] to enter into a plea agreement despite [his] wishes to proceed to trial and the existence of exculpatory material." (2255 Petition at §§ 12A, 12B.)

## DISCUSSION

Kotlyarsky is not entitled to relief under 28 U.S.C. § 2255.  As part of his plea agreement, he waived the right to collaterally attack his conviction by means of a § 2255 motion. Kotlyarsky acknowledged as much at his January 3, 2001 plea hearing. (Tr. 11.)[1]  In addition, his motion is time-barred under the one-year statute of limitations in the AEDPA.  The

---

[1]"Tr." refers to the transcript of the January 3, 2001 plea hearing.

limitations period began to run as of the date that Kotlyarsky's

conviction became final.  See 28 U.S.C. § 2255(1).  This occurred

in April 2001, over three years before Kotlyarsky filed his §

2255 motion.  Nevertheless, the limitations period may be

equitably tolled if the petitioner shows "extraordinary

circumstances preventing him from filing his petition on time,

and he must have acted with reasonable diligence throughout the

period he seeks to toll."  Baldayaque v. United States, 338 F.3d

145, 150 (2d Cir. 2003).  Kotlyarsky offers no explanation in his

submission for his failure to timely file his § 2255 motion.

        In any event, the petition is baseless on its merits.

Kotlyarksy's first argument is that the plea was unlawfully

induced or not made voluntarily.  He suggests that the Government

advised his counsel that his wife and children would be indicted

if he did not plead guilty.  Kotlyarsky's testimony at the plea

hearing contradicts this argument:

> THE COURT:  Most defendants say they want a
> break.  If you say all you want is justice, that's
> fine too.  The point is this.  Have you been
> induced to offer to plead guilty by reason of any
> promise or statement by anyone to the effect that
> you would get leniency, a break or special
> treatment or consideration because you pleaded
> guilty instead of going to trial.
>
> THE DEFENDANT: No.
>
> THE COURT: Are you offering to plead guilty of
> your own free will?
>
> THE DEFENDANT: Yes.

3

THE COURT: Have you been induced to offer to plead guilty by any fear, pressure, threat, or force, anything like that?

THE DEFENDANT: No.

(Tr. 13.)

Kotlyarsky also contends that he did not understand the nature of the charge or the consequences of the plea.  At the outset of the hearing, the Court told Kotlyarsky:  "It's very important that you tell me the truth and it's very important that when you answer my questions, you are sure you understand the question.  If there is any thing that I ask you that you don't understand, just confer with Ms. Vastola or Mr. Rosen, and they will explain it to you.  I don't want you answering anything unless you are sure you know what you are answering.  Do you follow me so far?"  Kotlyarsky answered, "Yes, sir." (Tr. 2.)  At no point during the hearing did Kotlyarsky indicate to the Court that he failed to understand something.  In fact, the Court confirmed that Kotlyarsky understood the proceedings:

THE COURT: I have asked you this already but I will put it to you in more formal fashion.  Do you feel that you read, write, speak, and understand English, more important here, speak and understand English sufficiently for you to answer my questions and enter the plea?

THE DEFENDANT: I think so, your Honor.

THE COURT: If you have any question about that we will just stop.

THE DEFENDANT: Yes, your Honor.

4

(Tr. 3.)   The Court also confirmed that he understood the charges

against him:

> THE COURT: Did you receive a copy of the
> indictment and did you go over it with Ms. Vastola
> and probably also with Mr. Rosen.
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Did they explain to you or at least
> one of them explain to you the charges in the
> indictment, particularly Count 1 thereof, and do
> you feel you understand the charges?
>
> THE DEFENDANT: Yes, your Honor.

(Tr. 5.)

Furthermore, the Court confirmed that Kotlyarsky

understood the consequences of his plea.  The Court advised him

of his right to go to trial and be represented by a lawyer (even

if he could not afford a lawyer) and that a guilty plea meant

that he was giving up that right. (Tr. 6.)  The Court advised him

of the presumption of innocence at trial, the Government's burden

of proof, his right to cross-examine the Government's witnesses,

his right to remain silent without an adverse inference or take

the stand and testify, his right to a bench trial, and his right

to subpoena witnesses and evidence in his defense. (Tr. 6-8.)

The Court then informed Kotlyarsky that a guilty plea meant that

he was giving up all these rights and that the Court could

sentence him as if the jury had convicted him.  The Court asked,

"Do you understand?"  Kotlyarsky answered, "Yes, your Honor."

(Tr. 8.)  The Court then explained that the maximum sentence on

Count 1 was 20 years with a possible fine of $500,000 or twice the value of the funds involved in the transaction.  Kotlyarsky said, "Yes, your Honor." (Tr. 8.)  The Court then explained the nature of supervised release and informed Kotlyarsky that he faced a maximum term of three years. (Tr. 8-9.)  Again, the Court asked Kotlyarsky if he understood, and again he answered, "Yes, your Honor." (Tr. 9.)  The Court then explained the consequences of violating supervised release, the $100 special assessment, and the necessity of considering the Sentencing Guidelines. Kotlyarsky indicated that he understood all of these. (Tr. 9.)

Accordingly, Kotlyarsky's first argument is unsuccessful.  His second argument is that his counsel was ineffective in inducing him to enter the plea despite his wish to proceed to trial and the existence of exculpatory material.  The Court already has established that there was no inducement and that Kotlyarsky knowingly and voluntarily waived his right to proceed to trial.  Kotlyarsky also allocuted to the charged conduct, concluding "I know what I did was wrong." (Tr. 14.)  His unsupported allegations of ineffectiveness, without more, do not satisfy the standards set out in Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).

## CONCLUSION

Kotlyarsky's 28 U.S.C. § 2255 petition is denied.  The Court declines to grant a certificate of appealability under 28

U.S.C. § 2253(c) and certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: New York, New York
       March  9  , 2007

                                   JOHN F. KEENAN
                              United States District Judge